**H. Matthew Horlacher**
mhorlacher@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

**Hope Hamilton** (*pro hac vice* to be filed)
hihamilton@hollandhart.com
**HOLLAND & HART LLP**
1800 Broadway Avenue, Suite 300
Boulder, Colorado 80302
Telephone:  (303) 473-4822
Facsimile:  (303) 416-8842

*Attorneys for Plaintiffs*
Nu Skin Enterprises, Inc., Nu Skin Enterprises
United States, Inc., and Pharmanex, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NU SKIN ENTERPRISES, INC., a Delaware corporation, NU SKIN ENTERPRISES UNITED STATES, INC., a Delaware corporation, and PHARMANEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PURE MIX, LLC, a Delaware limited liability company,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT**<br><br>Civil Case No.<br><br>Judge<br><br><br>**JURY DEMANDED** |

Plaintiffs Nu Skin Enterprises, Inc., Nu Skin Enterprises United States, Inc., and Pharmanex, LLC (together "NuSkin" or "Plaintiffs") allege as follows:

## NATURE OF THIS ACTION

1. This is an action for declaratory relief that NuSkin's use of PHARMANEX PURE LIFT does not infringe alleged federal and common law trademark rights asserted by Defendant Pure Mix, LLC ("Pure Mix" or "Defendant"), as well as for breach of contract against Pure Mix. Plaintiffs brings this action under the Federal Lanham Act, Declaratory Judgment Act, and Utah common law to recover declaratory relief, damages, attorneys' fees and costs, and for other relief as set forth in this Complaint.

## THE PARTIES

2. Nu Skin Enterprises, Inc. is a Delaware corporation with a principal place of business in Provo, Utah.

3. Nu Skin Enterprises United States, Inc. is a Delaware corporation with a principal place of business in Provo, Utah.

4. Pharmanex, LLC is a Delaware limited liability company, and all members of the company reside at or have a principal place of business in Provo, Utah.

5. Defendant Pure Mix, LLC is a Delaware limited liability company, and on information and belief, all members of the company reside at or have a principal place of business at 141 South Avenue, Suite 102, Fanwood, New Jersey 07028.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this court because this litigation arises under federal law, namely the Lanham Act 15 U.S.C. § 1051 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

8. This Court also has subject matter over this action under 28 U.S.C. § 1332 because there is diversity in citizenship between the Plaintiffs (citizens of Utah) and Defendant (citizen of New Jersey), and the amount in controversy exceeds $75,000.00.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiffs' federal claims.

10. This Court has personal jurisdiction over Pure Mix because it has transacted business in this District, the actions giving rise to this lawsuit have occurred in this District, and Pure Mix has caused damage to Plaintiffs in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Pure Mix, and because a substantial part of Pure Mix's acts and omissions giving rise to Plaintiffs' claims occurred in this District.

12. Personal jurisdiction and venue are also proper in this District because Pure Mix has agreed that both are proper as to disputes related to the settlement agreement between the parties, which is the subject of the breach of contract claims.

## GENERAL ALLEGATIONS

**I.   PLAINTIFFS AND THE PHARMANEX PURE LIFT PRODUCTS**

13. Plaintiffs are distributors of more than 200 premium health-related products, including nutritional supplements in the form of powder, pills, and drink mixes, to name only a few.

14. Plaintiffs offer their products under several house brands, including NU SKIN and PHARMANEX.

15. The PHARMANEX mark and brand has been in use since as early as 1996 and has acquired substantial reputation and goodwill in the field of nutritional supplements throughout the United States and worldwide.

16. In or around April 2016—well before Defendant applied to register its pureLYFT mark and before Plaintiffs became aware of Defendant—the phrase PURE LIFT was selected to be marketed with the PHARMANEX house mark for an energy drink mix product. PURE LIFT describes the attributes of the product: namely, a caffeinated energy drink free from artificial sweeteners, flavorings, and colors. After a search of the United States Patent and Trademark Office (USPTO) records revealed no identical or similar marks for similar products, Plaintiffs moved forward with the launch of their PHARMANEX PURE LIFT product. Plaintiffs' good faith is therefore not in question, as Plaintiffs did not adopt the PHARMANEX PURE LIFT name with knowledge of Defendant, intent to create likelihood of confusion or deception, or to capitalize or trade on any goodwill that Defendant may have developed in its trademarks or any aspect of Defendant's other commercial activities.

17. Plaintiffs' PHARMANEX PURE LIFT products are only sold to authorized NuSkin distributors and preferred customers, and sales are primarily conducted through Plaintiffs' website www.nuskin.com. Only authorized NuSkin distributors and preferred customers with valid login credentials can complete a purchase of the PHARMANEX PURE LIFT products via Plaintiffs' website.

18. Apart from internet sales (which are restricted to authorized purchasers and not available to the general public), Plaintiffs' PHARMANEX PURE LIFTS are not sold in the same channels of trade with Defendant's products.

19. Plaintiffs have invested substantial resources to develop and market the PHARMANEX PURE LIFT products, and those investments and Plaintiffs' reputation are now under threat as a result of persistent and baseless allegations by Defendant that Plaintiffs' PHARMANEX PURE LIFT products infringe Defendant's trademarks.

## II.  DEFENDANT'S ALLEGATIONS OF INFRINGEMENT AND BREACH OF CONTRACT

20. Defendant alleges that it promotes energy drink mix products using the marks LYFT and pureLYFT ("Defendant's Marks").

21. Defendant's Marks are two of many in a diluted field of other PURE- and LIFT-formative marks coexisting on the Principal Register and at common law for use in connection with energy drinks and beverages.

22. Defendant filed an application to register its pureLYFT mark with the USPTO on July 11, 2016 – well after Plaintiffs selected PHARMANEX PURE LIFT for use in connection with its energy drink mix. Defendant's pureLYFT application matured to registration February 14, 2017.

23. On information and belief, Defendant does not market or sell any products under the mark LYFT and, to the extent Defendant once had valid rights in the mark LYFT, Defendant has abandoned those rights as a result of non-use with no good faith intent to resume use.

24. On information and belief, Defendant does not market pureLYFT products outside the United States, including in Canada, Japan, and the European Union.

25. On information and belief, Defendant has not directly sold LYFT or pureLYFT products to consumers residing outside the United States, including in Canada, Japan, and the European Union.

26. On information and belief, Defendant has not sought to register Defendant's Marks outside the United States.

27. On or around April 19, 2017, Defendant sent Plaintiff Nu Skin Enterprises, Inc. a letter in which Defendant alleged, among other things, that the PHARMANEX PURE LIFT product infringed Defendant's Marks. Defendant demanded, among other things, that Plaintiff Nu Skin Enterprises, Inc. immediately cease all use of the term "Pure Lift."

28. On May 5, 2017, Plaintiffs' counsel responded to Defendant's letter, refuting the infringement allegations.

29. Plaintiffs believed that they had addressed Defendant's concerns, but then, on May 23, 2017, Plaintiffs received notice that Defendant had filed suit in the United States District Court for the District of New Jersey, alleging claims of trademark infringement, unfair competition, and dilution under federal, state, and common law. That case was styled *Pure Mix, LLC v. Nu Skin Enterprises, Inc., Nu Skin Enterprises United States, Inc., Pharmanex, LLC, and ABC Corps, 1 through 10*, No. 2:17-cv-03661-KSJ-CLW ("Infringement Lawsuit").

30. On June 2, 2017, and before Plaintiffs answered, Defendant requested that the Infringement Lawsuit be administratively terminated pending settlement discussions, and the court entered an Order on the same day closing the case.

31. On June 15, 2017, Plaintiffs and Defendant entered into a confidential settlement agreement resolving the disputes alleged in the Infringement Lawsuit.

32. Thereafter, Plaintiffs executed on its obligations under the settlement agreement; and Defendant did not.

33. Given the confidential nature of the agreement, Plaintiffs will not disclose the terms in the context of this complaint, but alleges that Defendant is in breach of at least Sections 4, 7, 8, 9, and 21 of that agreement, including by publicly disclosing confidential terms of the settlement agreement in a procedurally improper pleading filed in the closed Infringment Lawsuit.

34. Plaintiffs have placed Defendant on notice of specific breaches, and Defendant has refused to cure them.  Defendant has attempted to excuse its breach of the agreement by accusing Plaintiffs of breach and renewing infringement allegations resolved in settlement of the Infringment Lawsuit.  Through its conduct, Defendant seeks to selectively nullify portions of the confidential settlement agreement binding Defendant, while continuing to reap the benefit of other provisions, all to the detriment of Plaintiffs.

35. Defendant's baseless infringement allegations and its breach of the confidential settlement agreement continue to irreparably harm and injure Plaintiffs and their reputation.

36. Plaintiffs are entitled to a declaration that its use of PHARMANEX PURE LIFT does not infringe Defendant's Marks.  Plaintiffs are also entitled to an injunction restraining Defendant (including its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them) from alleging that Plaintiffs are (i) engaged in infringing conduct or (ii) engaged in any other acts in violation of Defendant's rights.

37. Plaintiffs are further entitled to recover damages, including treble damages, interest, and attorneys' fees and costs Plaintiffs have sustained and will sustain as a result of Defendant's acts as alleged herein, including Defendant's breach of the settlement agreement.

At present, the amount of such damages cannot be fully ascertained by Plaintiffs, but Plaintiffs estimate that such exceeds $75,000.00.

38. In the alternative, Plaintiffs are entitled to a finding that the confidential settlement agreement is null and void, and the positions, claims, and defenses of the parties shall be restored as though no agreement was entered.

## CAUSES OF ACTION

### COUNT I
### (DECLARATION OF NON-INFRINGEMENT UNDER § 1051, *ET SEQ.* OF THE LANHAM ACT AND 28 U.S.C. §§ 2201 AND 2201 OF THE DECLARATORY JUDGMENT ACT)

39. Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs.

40. For the reasons discussed above, an actual case and controversy exist between Plaintiffs and Defendant regarding Plaintiffs' use of PHARMANEX PURE LIFT, and whether such use infringes Defendant's Marks.

41. Plaintiffs have not infringed and are not infringing Defendant's Marks or otherwise violating Defendant's rights.

42. Accordingly, Plaintiffs are entitled to judicial declarations that (a) Plaintiffs have not infringed or violated any of Defendant's federal, state, or common law trademark rights, including but not limited to those arising under 15 U.S.C. §§ 1114 and 1125; and (b) there is no likelihood of consumer confusion between Plaintiffs' PHARMANEX PURE LIFT products and Defendant's Marks.

### COUNT II
### (BREACH OF CONTRACT UNDER UTAH STATE COMMON LAW)

43. Plaintiffs reallege and incorporate by reference all of the foregoing paragraphs.

44. Pursuant to the terms of the confidential settlement agreement entered into between Plaintiffs and Defendant, with an effective date of June 15, 2017, Defendant agreed and contracted to certain terms which Defendant has breached, including by failing to undertake its obligations under Section 4, by disclosing confidential portions of the agreement in violation of Section 8, and by engaging in other conduct in disregard of Sections 7, 9, and 21.

45. As a result of Defendant's breach of the terms of the confidential settlement agreement, Plaintiffs and their reputation have been damaged.

46. Plaintiffs are entitled to judgment against Defendant, including for compensation for its breaches and damage caused to Plaintiffs' reputation, as well as attorneys' fees and costs.

47. In the alternative, Plaintiffs are entitled to a judgment nullifying the confidential settlement agreement in its entirety and restoring the parties respective pre-agreement positions, claims, and defenses.

## JURY DEMAND

Plaintiffs demand that all claims and causes of action raised in this Complaint against Defendant be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment for Plaintiffs and against Defendant as follows:

A. Declaring Plaintiffs have not infringed or violated and are not infringing or violating any of Defendant's federal, state, or common law trademark rights, including but not limited to those arising under 15 U.S.C. §§ 1114 and 1125;

B.     Declaring there is no likelihood of consumer confusion between Plaintiffs' PHARMANEX PURE LIFT products and Defendant's Marks;

C.     Permanently enjoining Defendant from taking any action against Plaintiffs and their affiliates that arises out of Plaintiffs' use and/or registration of the PHARMANEX PURE LIFT or PURE LIFT marks;

D.     Finding this to be an "exceptional case" within the meaning of Section 35 of the Lanham Act (15 U.S.C. § 1117) and awarding Plaintiffs their reasonable attorneys' fees and costs under that provision, as well as under Utah Code Ann. § 13-11a-4(2)(c);

E.     For an order that Defendant is in breach of its obligations under the confidential settlement agreement and awarding Plaintiffs their actual damages to be proven at trial, as well as attorneys' fees and costs as the prevailing party; or, in the alternative, and order nullifying the confidential settlement agreement and restoring the parties' respective pre-agreement positions, claims, and defenses;

F.     Awarding Plaintiffs their actual damages, and awarding Plaintiffs any additional damages that the Court deems just and equitable under the circumstances of the case; and

G.     Awarding Plaintiffs such other and/or further relief as is just and equitable.

Dated this 24th day of July, 2017

                                              HOLLAND & HART LLP

                                              */s/ H. Matthew Horlacher*
                                              H. Matthew Horlacher
                                              Hope Hamilton (*pro hac vice* to be filed)
                                              *Attorneys for Plaintiffs*

Plaintiffs' Address:
75 West Center Street
Provo, Utah 84601